IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FLAVIEN SILIKI on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITIZENS ARTS CLUB, INC. d/b/a/ NORWOOD;<br>ALAN LINN, individually and as an Officer, Director, and/or Principal of NORWOOD<br><br>Defendants. | Case No. 21-8162<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

FLAVIEN SILIKI ("Plaintiff"), on behalf of himself and all others similarly situated (collectively "Plaintiffs"), by and through his attorney FRED V. CHARLES, ESQ, brings this action for damages and other legal and equitable relief against Defendants CITIZENS ARTS CLUB, INC. d/b/a/ NORWOOD ("Norwood") and ALAN LINN ("Linn"), individually and as an Officer, Director, and/or Principal of NORWOOD (collectively "Defendants") rfor violations of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201 et seq.; for violations of the New York Labor Law ("NYLL"); the New York Codes, Rules and Regulations ("NYCRR"); and any other cause(s) of action that can be inferred from the facts set forth herein.

## NATURE OF ACTION

1. Plaintiffs contend that Defendants violated the FLSA by knowingly requiring, suffering, or permitting their and other members of the putative FLSA Collective ("Collective Members") to be misclassified as independent contractors and theft of wages.

1

2. This is an action brought by Plaintiffs challenging acts committed by Defendants against Plaintiffs, which amount to violations of federal, state, and local wage and hour laws. Plaintiffs brings this action pursuant to the NYLL and the NYCRR for (i) incorrectly paid wages; (ii) untimely paid wages; (iii) unpaid minimum wages; (iv) unpaid "spread of hours" pay for each day worked in excess of ten (10) hours; (v) improper wage statements and notices pursuant to the NYLL, and is entitled to recover: (a) unpaid tips/gratuities; (b) unpaid minimum wages; (c) unpaid, deducted, and incorrectly paid wages; (d) unpaid "spread of hours" pay; (e) unpaid "call-in" pay; (f) liquidated damages; (g) penalties; (h) interest; (i) attorneys' fees and costs; and (j) such other and further relief as this Court finds necessary and proper.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers federal question jurisdiction upon this Court for actions that arise under federal statute.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, which confers diversity jurisdiction upon this Court for actions where the amount in controversy exceeds the sum value of $75,000, and it is between citizens of different states.

5. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) and (c), given Defendants maintain facilities, conduct business, and reside in this district.

## THE PARTIES

6. Plaintiff is a citizen of New Jersey.

7. Norwood is a privately-owned business organized under the laws of the State of New York and has its principal place of business at 240 W 14th Street, New York, NY 10011.

8. Upon information and belief, Plaintiffs have suffered approximately $75,000.00 in damages because of Defendants' violations of the FLSA, NYLL, and the NYCRR alleged herein. Plaintiffs alleged damages do not include attorneys' fees, which is statutorily entitled to and are reasonably expected to exceed $25,000 before trial.

9. At all relevant times, Plaintiff was an "employee" of Norwood within the meaning of the FLSA, NYLL, and the NYCRR.

10. Norwood has at all relevant times been an "employer" covered by the FLSA, NYLL, and the NYCRR.

11. Upon information and belief, Linn is the President, Chief Executive Officer, Owner, and/or Principal of Norwood.

12. Upon Information and belief, Linn is domiciled in New York State and transacted business in New York and within New York County by employing Plaintiff and those similarly situated.

13. Linn has at all relevant times been an "employer" covered by the FLSA, NYLL, and the NYCRR.

14. Linn had the power to hire and fire Plaintiffs.

15. Linn had the power to set Plaintiffs' schedule, pay rate, and pay basis.

16. Defendants had the obligation to maintain Plaintiffs' employment records such as pay and hiring records.

17. Linn had the power to control the terms and conditions of Plaintiffs' employment.

**STATEMENT OF FACTS**

18. On or around May 6, 2021, Defendants employed Plaintiff originally as a supervisor for entertainment.

19. Upon information and belief, on or about June 2, 2021, at Norwood, Plaintiff was introduced by Norwood General Manger Indiana Rodriquez in a staff meeting for new employees as the Evening General Manger.

20. Linn was present at this staff meeting when Plaintiff and several other new staff members were introduced.

21. Upon information and belief, at the staff meeting, eight new employees were introduced with their titles.

22. Plaintiff's duties included ensuring a pleasant environment for the club members during the evening.

23. Plaintiff worked a regular schedule of evening shifts from Wednesdays through Saturdays.

24. Plaintiff received several paychecks that did not have statutorily required employee deductions.

25. Defendant did not count plaintiff as an employee under their Worker's Compensation or unemployment policies.

26. Plaintiff worked his regular shift on June 2, 2021 and was never compensated by Defendants.

27. Plaintiff worked his regular shift on June 3, 2021 and was never compensated by Defendants.

28. Plaintiff worked his regular shift on June 4, 2021 and was never compensated by Defendants.

29. Plaintiff worked his regular shift on June 9, 2021 and was never compensated by Defendants.

30. In an email communication, Linn told Plaintiff that he will need to provide records to be paid for any dates owed.

31. Linn communicated to Plaintiff that Norwood did not keep proper records for days worked.

32. Plaintiff was not given statutory required wage and hour notices.

33. Plaintiff remained employed as an evening general manager until his employment with Defendants ended on or about June 9, 2021.

34. Plaintiffs pay period was Monday through Sunday.

35. Throughout the relevant time period, Plaintiff's payday was every Wednesday.

36. Defendants frequently did not pay Plaintiff all his owed wages on his regularly scheduled paydays.

37. Defendants did not compensate Plaintiff for time spent attending staff meeting.

38. As a result of the aforementioned wage-and-hour law violations, throughout the relevant time period, Defendants failed to furnish Plaintiff a wage statement that included heraccurate wages and her hours worked with each paycheck.

39. Upon information and belief, throughout the relevant time period, Defendants never issued Plaintiff the proper wage statements and notices pursuant to NYLL § 195.

40. Accordingly, Defendants' failure to issue the proper wage statements and noticeswas in violation of NYLL § 195.

41. Accordingly, throughout the relevant time period, Defendants withheld wages/failed to pay Plaintiff all owed wages for working events on her regularly scheduled paydays in violation of NYLL § 191, and NYCRR § 146-2.7.

42. Defendants have actual knowledge of the statutory requirements of the FLSA, NYLL, and NYCRR.

43. Defendants have a history of FLSA violation allegations.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
### FLSA
### (Brought on behalf of Plaintiffs and the FLSA Collective)

44. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

45. Defendants are "enterprises" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and are engaged in commerce, or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

46. Throughout the relevant period, Defendants violated the FLSA, 29 U.S.C § 211(c), by failing to keep accurate, contemporaneous records of the hours Plaintiffs and Collective Members actually worked each week.

47. Throughout the relevant period, Defendants violated the FLSA by misclassifying Plaintiffs as independent contractors.

### AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
### The New York Labor Law § 191
### (Failure to Timely Pay Wages)

48. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

49. Throughout the period covered by the applicable statute of limitations, every week Defendants were required to pay Plaintiff all earned and due wages.

50. Throughout the period covered by the applicable statute of limitations, Defendants did not always pay Plaintiff all earned and due wages every pay period.

6

51. Defendants' conduct was willful and lasted for the duration of the relevant time period.

52. Defendants' conduct was in violation of the New York Labor Law § 191.

### AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF
### The New York Labor Law § 195
### (Failure to Provide Proper Wage Statements and Notices)

53. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

54. Pursuant to the NYLL, employers are required to furnish employees with every payment of wages a statement that includes, among other things, actual wages, number of hours worked, and rate or rates of pay.

55. Also pursuant to the NYLL, employers are required to provide employees with a notice at the time of hiring that includes, among other things, employer's main address, employer's telephone number, the rate of pay, and whether paid by the hour, shift, day, week, salary, piece, commission, or other.

56. Throughout the relevant time period, Defendants knowingly failed to provide Plaintiffs with the required wage statements and notices pursuant to NYLL.

57. Defendants' conduct was willful and lasted for the duration of the relevant time period.

58. Defendants' conduct was in violation of New York Labor Law § 195.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

b) Declaring that Defendants violated the record keeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

c) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff and the FLSA Class members;

d) Awarding Plaintiffs and the FLSA Class Members damages for the amount of unpaid minimum wages, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

e) Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

f) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and all similarly situated employees;

g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and all similarly situated employees;

   h)  Declaring that Defendants violated the timely payment provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and all similarly situated employees;

   i)  Declaring that Defendants violated the notice and record keeping requirements of the NYLL with respect to Plaintiffs and all similarly situated employee's compensation, hours, wages and any deductions of credits taken against wages;

   j)  Awarding Plaintiffs and all similarly situated employees' damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread hours pay under the NYLL as applicable;

   k)  Awarding Plaintiffs and all similarly situated employees' damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§ 198(1-b), 198(1-d);

   l)  Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

   m)  Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable; and

   n)  Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this complaint.

Dated:	September 29, 2021
	Far Rockaway, New York

Respectfully submitted,

Fred V. Charles, Esq.
**Attorney for Plaintiffs**
1612 Central Avenue
Far Rockaway, NY 11691
Telephone: (646) 494-2662