UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FLAVIEN SILIKI, *on behalf of himself and all others similarly situated*,<br><br>                              Plaintiff,<br><br>                    -v.-<br><br>ALAN LINN, *individually and as an Officer, Director, and/or Principal of Citizens Arts Club, Inc.*, and CITIZENS ARTS CLUB, INC., *d/b/a/* NORWOOD,<br><br>                              Defendants. | 21 Civ. 8162 (KPF) (OTW)<br><br>**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION** |

KATHERINE POLK FAILLA, District Judge:

Pending before the Court is the November 28, 2023 Report and Recommendation from United States Magistrate Judge Ona T. Wang (the "Report" (Dkt. #43), attached), addressing Plaintiff Flavien Siliki's failure to file Inquest submissions in accordance with Judge Wang's October 12, 2023 Order (Dkt. #42).  Judge Wang recommends that this action be dismissed for failure to prosecute.

The Court has examined the Report and notes that no party has objected within the fourteen-day period from its service, as provided by 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  For the reasons set forth below, the Court finds no error in the Report and adopts it in its entirety.

## BACKGROUND

A brief overview of the facts underlying this action is set forth herein, drawing from the recitation of the facts in the Report (*see* Report 1), as well as from entries in the public docket.

Plaintiff initiated the instant case on October 2, 2021, with the filing of a Complaint against his former employers, Defendants Alan Linn and Citizens Arts Club, Inc. (Dkt. #1 at 1-3). Plaintiff, on behalf of himself and all others similarly situated, claimed that Defendants had violated the federal Fair Labor Standards Act; the New York Labor Law; and the New York Codes, Rules and Regulations by (i) knowingly requiring, suffering, or permitting their employees to be misclassified as independent contractors, and (ii) facilitating theft of their wages. (*Id.* at 1). On October 19, 2021, Defendants were served with the Complaint. (Dkt. #13, 14).

On January 10, 2022, with no appearance or answer filed by either Defendant, the Court directed Plaintiff to move for certificates of default from the Clerk's Office in accordance with Rule 4(I) of this Court's Individual Rules of Practice in Civil Cases. (Dkt. #15). The Court cautioned Plaintiff that his failure to move for such certificates on or before January 24, 2022, "may result in the dismissal of his case for failure to prosecute and comply with the Court's order." (*Id.*). Plaintiff thereafter filed proposed certificates of default for Defendants on January 20, 2022 (Dkt. #16, 17), and was issued certificates of default by the Clerk of Court on January 21, 2022 (Dkt. #20, 21).

Three months later, on April 21, 2022, the Court ordered Plaintiff to file a motion for default judgment if he wished to continue to pursue the instant case. (Dkt. #22). The Court again cautioned Plaintiff that his failure to file such motion on or before May 6, 2022, "may result in the dismissal of his case for failure to prosecute and failure to comply with a court order." (*Id.*).

On May 5, 2022, Plaintiff moved for default judgment as to Defendants. (Dkt. #23-27). That same day, the Court issued an Order to Show Cause requiring Defendants to appear on July 21, 2022, to show cause why default judgments should not be entered against them pursuant to Rule 55 of the Federal Rules of Civil Procedure. (Dkt. #28). At the July 21, 2022 hearing, the Court granted default judgments against Defendants (who did not appear) as to liability only (July 21, 2022 Minute Entry), and issued an order referring the case to Magistrate Judge Wang for an inquest into damages following the default (Dkt. #31).

By Order dated November 28, 2022, Judge Wang directed Plaintiff to file and serve upon Defendants (i) proposed findings of fact and conclusions of law and (ii) an inquest memorandum setting forth proof of damages on or before January 3, 2023. (Dkt. #32). Defendants' opposition papers (if any) were to be filed by January 24, 2023. (*Id.*). In the months that followed, Plaintiff requested — and Judge Wang granted — four extensions of time to file his submissions. (*See* Report 1; *see also* Dkt. #33, 34, 36-41). The fourth such extension directed Plaintiff to file his submissions on or before May 3, 2023. (Dkt. #41).

3

On October 12, 2023, with no inquest submissions filed by Plaintiff, Judge Wang granted Plaintiff "ONE LAST EXTENSION nunc pro tunc to November 17, 2023" to file his submissions.  (Dkt. #42).  Judge Wang warned Plaintiff that "THERE WILL BE NO MORE EXTENSIONS."  (*Id.*; *see* Report 1).

Thereafter, on November 28, 2023, Judge Wang issued the Report and recommended that this action be dismissed for failure to prosecute.  (*See generally* Report).  Judge Wang advised the parties that they had fourteen days from the issuance of the Report to file written objections and, further, that "FAILURE TO FILE TIMELY OBJECTIONS WITHIN FOURTEEN (14) DAYS <u>WILL</u> RESULT IN A WAIVER OF OBJECTIONS AND <u>WILL</u> PRECLUDE APPELLATE REVIEW."  (Report 2 (emphases in original)).  As of the date of this Order, no objections to the Report have been filed.

## DISCUSSION

A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Grassia* v. *Scully*, 892 F.2d 16, 19 (2d Cir. 1989).  A court may also accept those portions of a report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings are not clearly erroneous.  *See Ramirez* v. *United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012) (citation omitted).  A magistrate judge's decision is clearly erroneous only if the district court is "'left with the definite and firm conviction that a mistake has been committed.'"  *Easley* v. *Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States* v. *U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

4

"A party's failure to object to a report and recommendation, after receiving clear notice of the consequences of such a failure, operates as a waiver of the party's right both to object to the report and recommendation and to obtain appellate review." *Grady* v. *Conway,* No. 11 Civ. 7277 (KPF) (FM), 2015 WL 5008463, at *3 (S.D.N.Y. Aug. 24, 2015) (citing *Frank* v. *Johnson,* 968 F.2d 298, 300 (2d Cir. 1992)).

Judge Wang's Report issued on November 28, 2023, and objections were due on December 12, 2023. As neither party has submitted objections to the Report, review for clear error is appropriate. *See Phillips* v. *Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013). The Court has reviewed the Report and finds that its reasoning is sound and that it is grounded in fact and in law. More specifically, the Court agrees with Judge Wang's ultimate conclusion that this case should be dismissed for failure to prosecute. (Report 1). Having reviewed the record, the Court finds no clear error and adopts the Report in its entirety.

**CONCLUSION**

The Court agrees completely with Judge Wang's well-reasoned Report and hereby adopts its reasoning by reference. Accordingly, it is ORDERED that this action be dismissed in its entirety.

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated:        December 29, 2023
              New York, New York

_____
            KATHERINE POLK FAILLA
            United States District Judge